1  BIHN & McDANIEL, P.L.C.
2600 N. Central Ave, Suite 1775
2  Phoenix, Arizona 85004
(602) 248 9779
3  Martin A. Bihn (014338)
mbihn@phxlegal.com
4  Donna M. McDaniel (017366)
donna@phxlegal.com
5  *Attorneys for plaintiff*

6

7                UNITED STATES DISTRICT COURT

8               FOR THE DISTRICT OF ARIZONA

9

10  Martel Delly, a single man;              **Case No. 19-cv-05735-SRB**

11  vs.                                       **FIRST AMENDED COMPLAINT**

12  Blackhawk Network Holdings, Inc., a
California corporation; and Cardpool,
13  LLC, at Texas limited liability
company

14                Defendants.

15      Plaintiff for his complaint against defendants alleges as follows:

16      1.    Plaintiff Martel Delly ("Delly") is an Arizona citizen residing in Maricopa

17  County.

18      2.    Defendant Blackhawk Network Holdings, Inc. ("BHN") is, upon information

19  and belief, a California corporation having its principal place of business in Pleasanton,

20  California.

21

22

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

3. Defendant Cardpool LLC ("CP") is, upon information and belief, a Texas limited liability company having its principal place of business in Irving, Texas. Upon information and belief, all of CP's members are Texas residents.

4. This court has diversity jurisdiction pursuant to 28 U.S.C. ¶ 1332 because the parties are citizens of different states and more than $75,000 is in controversy.

5. Defendants caused events to occur in this jurisdiction out of which is case arises.

6. During the course of the events alleged below, defendant BH sold its Cardpool business to defendant CP in January 2019.

7. Upon information and belief, defendants are liable to plaintiff because they were engaged in the purchase and sale of gift cards through cardpool.com.

**FACTS COMMON TO ALL CLAIMS**

8. Plaintiff Delly worked for his family's convenience store in north Phoenix.

9. The store sold a large volume of tobacco products every week.

10. Delly purchased tobacco products for the store at Sam's Club two or three times a week.

11. Delly typically purchased those tobacco products with his own, personal, credit card for which he could earn cash back.

12. In October 2016 Delly discovered that he could use his credit card to purchase Walmart Gift Cards at a discount over the internet.

13. Delly purchased Walmart Gift cards from an internet site known as Cardpool.com which, upon information and belief at all material times was owned and operated by the defendants.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

14.    Defendants were in the business of purchasing gift cards from the public (over the internet and through store kiosks) at a substantial discount from their value and then reselling them over the internet to the public at a smaller discount.

15.    Each month Delly purchased between $50,000 and $70,000 in Walmart Gift Cards from defendants through Cardpool.com.

16.    In October of 2017 Delly purchased a series of Walmart Gift Cards totaling approximately $2,700.

17.    Delly then used the cards to purchase tobacco products at Sam's Club.

18.    Delly continued his practice of purchasing gift cards from defendants through Cardpool.com through July 2018.

## THE ARREST AND PROSECUTION

19.    On December 3, 2018 Delly was arrested and jailed by the Maricopa County Sheriff's Office in Phoenix pursuant to an arrest warrant issued in Iowa.

20.    The arrest warrant arose out of a criminal complaint in Iowa alleging multiple felonies against Delly.

21.    Those felony charges all related to theft and conspiracy to commit theft.

22.    Delly was facing 10 years in prison on the charges even though Delly had never set foot in Iowa.

23.    Delly was briefly jailed in Arizona until he waived extradition to Iowa.

24.    Delly was forced to retain defense lawyers in Arizona and Iowa.

25.    Delly traveled to Iowa, appeared in court, pled not guilty and then waited for his lawyers to discover why he was being charged with substantial felonies.

3

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

26.    As the discovery began Delly learned that he was facing charges relating to his use of the $2,700 of Walmart Gift Cards he purchased from defendants in October 2017.

27.    Delly learned that those Walmart Gift Cards were stolen property as they had been purchased with a stolen credit card in Iowa.

28.    The stolen Walmart Gift Cards had been sold to defendants through Cardpool.com

29.    Five days after purchasing the stolen Walmart Gift Cards, defendants resold them to Delly.

30.    Delly then used the stolen Walmart Gift Cards in Arizona.

31.    The Iowa police obtains video of Delly using the stolen Walmart Gift Cards and charged him with the theft related felonies.

32.    For the next nine months Delly fought a legal battle in Iowa trying to prove his innocence.

33.    Ultimately the Iowa courts recognized that Delly was completely innocent and dismissed the charges on August 28, 2019.

34.    For nine months Delly suffered financial and emotional harm as a consequence of the prosecution and continues to suffer from the after affects.

35.    Delly also now has a criminal arrest record and will forever face the embarrassment of having to disclose and explain the arrest in connection with business licensing and future employment.

## COUNT I

## NEGLIGENCE

4

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

1    36.    Plaintiff realleges paragraphs 1-35 as if fully set forth herein.

2    37.    Defendants all owed a duty of reasonable care to plaintiff to ensure the gift cards

3  they purchased and resold were not stolen.

4    38.    Defendants breached this duty by purchasing gift cards without properly vetting

5  the cards or the sellers.

6    39.    Upon information and belief defendants failed to vet the sellers or the cards at

7  all and instead immediately resold them.

8    40.    Defendants knew or should have known that their business model, purchase

9  from virtually anonymous sellers at kiosks and over the internet presented a significant risk of

10  trafficking in stolen cards.

11    41.    Upon information and belief defendants failed to take reasonable precautions to

12  preclude their purchase and sale of stolen cards.

13    42.    Defendants' failure to vet sellers or cards and failure to take other reasonable

14  precautions to preclude their purchase and sale of stolen cards proximately caused plaintiff's

15  injuries.

16    43.    As a result of defendants' conduct plaintiff has been injured and damaged,

17  suffering both pecuniary and non-pecuniary harm including irreparable reputational harm.

18  **COUNT II**

19  **NEGLIGENCE PER SE**

20    44.    Plaintiff realleges paragraphs 1-43 as if fully set forth herein.

21    45.    Defendants' conduct in selling stolen property to plaintiff over the internet

22  violated multiple state and federal laws including: A.R.S.§ 13-2307 (Trafficking in stolen

5

1    property), A.R.S. § 13-2310 (Fraudulent Schemes and Artifices), 18 U.S.C.A. § 1341 (Mail

2    Fraud)  and 18 U.S.C.A § 2315 (Sale or Receipt of Stolen Goods) and constitutes negligence

3    *per se.*

4        46.    Defendants violation of state and federal law was the proximate cause of the

5    harm suffered by plaintiff.

6        47.    As a result of defendants' conduct plaintiff has been injured and damaged,

7    suffering both pecuniary and non-pecuniary harm including irreparable reputational harm.

8                                    **COUNT III**

9                        **CONSUMER FRAUD A.R.S. § 44-1521**

10       48.    Plaintiff realleges paragraphs 1-47 as if fully set forth herein.

11       49.    Defendants used the Cardpool.com website to falsely and deceptively conceal

12   the material facts defendants were not vetting gift cards and did buy and sell stolen gift cards.

13       50.    The defendants intended that consumers, to include plaintiff, rely upon the

14   defendant's unlawful practice and purchase gift cards that were unvetted and stolen.

15       51.    Plaintiff Delly suffered damages as a result of relying on the defendant's

16   unlawful practice include pecuniary and non-pecuniary harm and irreparable reputational

17   harm.

18

19                                  **JURY DEMAND**

20       52.    Plaintiff demands a trial by jury on all claims.

21

22

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA  85004
(602) 248-9779

6

1    **WHEREFORE**, Plaintiff prays that this Court enter judgment for the Plaintiff and

2    against each of the Defendants and grant:

3    A. compensatory, consequential and economic damages, including damages for

4    emotional distress, humiliation, loss of enjoyment of life, reputational injury and other pain

5    and suffering on all claims allowed by law in an amount to be determined at trial but in no

6    event less than $400,000.00;

7    B. attorneys' fees and the costs, on all claims allowed by law; and,

8    C. any further relief that this court deems just and proper, and any other appropriate

9    relief at law and equity.

10

11                                    BIHN & McDANIEL, P.L.C.

12

                                      /s/ Martin A. Bihn
13

                                      _____
14                                    Martin A. Bihn
                                      Attorneys for Plaintiff
15

16

17

18

19

20

21

22

7

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779