**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Martel Delly, a single man;

Plaintiff,

v.

Blackhawk Network Holdings, Inc., a California corporation; and Cardpool, LLC, a Texas limited liability company

Defendants

CASE NO. 2:19-cv-05735-SRB

**PROTECTIVE ORDER**

Upon review of the parties' stipulation for entry of protective order (doc. 17), and good cause appearing,

**IT IS HEREBY ORDERED** that the following procedures shall apply to confidential documents and information produced or disclosed in this case:

**I. <u>CONFIDENTIAL INFORMATION</u>.**

**A. Definition of "Confidential" and "Confidential – Attorneys' Eyes Only" Information.**

1. "Confidential Information" means any non-public testimony, information, documents or data that the designating party or third-party discovery respondent in good faith believes contains confidential, sensitive, business or proprietary information.

2. "Confidential – Attorneys' Eyes Only" information means any Confidential Information containing highly sensitive proprietary, corporate and strategic planning, financial, marketing or trade secret information, stock or asset purchase agreements, or any other material that the designating party or third-party respondent in good faith believes would cause a substantial risk of severe damage to if it were to be disclosed to another party.

Confidential and Confidential –Attorneys' Eyes Only Information may include any document or information produced, disclosed or exchanged in accordance with the Federal Rules of Civil Procedure or by agreement, including, without limitation, initial and supplemental disclosures, discovery requests and responses, responses to subpoenas, pleadings, and any other documents or information produced in response to discovery requests or contained in deposition testimony and exhibits, pleadings, motions, briefs, affidavits, declarations and any other discovery or disclosure made in this litigation.

**B. Designation of Confidential and "Confidential – Attorneys' Eyes Only" Information.**

The parties and any third-party discovery respondents may designate Confidential and Confidential – Attorneys' Eyes Only Information in the litigation by stamping, labeling or otherwise appropriately marking the documents or information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate. Each designating party shall use its best faith efforts to limit the use of the "Confidential – Attorneys' Eyes Only" designation to the party's most sensitive Confidential Information.

A party must designate information as "Confidential" or "Confidential –Attorneys' Eyes Only" prior to producing the information to the other party. A party may remedy an inadvertent failure to designate produced documents or other materials by providing a supplemental notice and designation to the other party within ten (10) business days after the producing party first learns that it inadvertently failed to designate the information as

"Confidential" or "Confidential – Attorneys' Eyes Only." Following such notice, the identified materials shall be fully subject to this Protective Order; however, there shall be no sanction for any use or disclosure of such information prior to the supplemental notice and designation.

With respect to discovery responses that contain or constitute Confidential or Confidential – Attorneys' Eyes Only Information, the responding party shall include a "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" designation, as appropriate, on the first page of the discovery response, and on each subsequent page of the document containing Confidential or Confidential – Attorneys' Eyes Only Information.

Any party may designate any portion of a deposition as "Confidential" or "Confidential – Attorneys' Eyes Only" by notifying the other parties on the record during the deposition or in writing within thirty (30) calendar days after receipt of the deposition transcript. Each court reporter and videographer participating in any deposition in this litigation shall be informed of, and provided with a copy of, this Protective Order. When directed, each court reporter shall designate those portions of the deposition transcript(s) with the legend "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION – SUBJECT TO PROTECTIVE ORDER," as appropriate.

**C. Related Documents.**

The terms of this Protective Order shall extend to and protect (1) all copies, extracts and complete or partial summaries prepared from documents or information designated as Confidential or Confidential – Attorneys' Eyes Only; (2) portions of deposition transcripts that contain or reflect the content of any documents or information designated as Confidential or Confidential – Attorneys' Eyes Only; (3) portions of briefs, memoranda or any other writing filed with the Court and any exhibits thereto that contain or reflect the content of any documents or information designated as Confidential or Confidential –

Attorneys' Eyes Only; and (4) designated testimony taken at a hearing or other proceedings that contains or reflects the content of any documents or information designated as Confidential or Confidential – Attorneys' Eyes Only.

**II. <u>CHALLENGES TO DESIGNATION</u>.**

If any of the parties challenges the confidentiality designations of any Confidential or Confidential – Attorneys' Eyes Only Information, the party shall provide the designating party with written notice of its challenge. The parties shall meet and confer in good faith within seven (7) calendar days of the notice and utilize their best efforts to attempt to resolve the dispute. If the parties are unable to resolve the dispute within seven (7) calendar days of the meet and confer, the party challenging the confidentiality designation may seek appropriate relief from the Court. The designating party bears the burden of proving that the Confidential or Confidential – Attorneys' Eyes Only designation is appropriate under the circumstances.

If a party challenging the designation of information as Confidential or Confidential – Attorneys' Eyes Only seeks relief from the Court, the protections of this Protective Order will continue to apply to the designated information until the matter is decided by the Court.

**III. <u>ACCESS TO AND USE OF INFORMATION</u>.**

**A. Confidential Information - Access.**

Information designated as Confidential Information, and any information or materials derived therefrom, shall only be disclosed to, made available to or used by:

1. Counsel of record in this action and their employees or contractors, to whom disclosure of Confidential Information is necessary for purposes of the litigation;
2. In-house counsel for each party;
3. The Court and its personnel in any proceeding in this litigation;
4. The author or identified recipient of the Confidential Information;

5. The officer taking, reporting or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript or video of the deposition;

6. Upon execution of an Acknowledgement in the form attached as Exhibit A, individual parties and the officers, directors or employees of corporate parties who require the information to assist in or evaluate this action;

7. Upon execution of an Acknowledgement in the form attached as Exhibit A, insurers of the parties who require the information to assist in or evaluate this action;

8. Upon execution of an Acknowledgement in the form attached as Exhibit A, independent experts and consultants who have been retained by the parties in this action or their counsel of record;

9. Upon execution of an Acknowledgement in the form attached as Exhibit A, graphics, design, jury consultant or focus group services retained by the parties or counsel;

10. Upon execution of an Acknowledgement in the form attached as Exhibit A, any third-party mediator jointly selected by the parties or appointed by the Court; and

11. Upon execution of an Acknowledgement in the form attached as Exhibit A, any other person to whom the designating party agrees.

Upon request and for good cause shown, copies of Exhibit A, as executed by persons receiving Confidential Information, shall be made available for inspection by counsel of record in this action.

**B. Confidential – Attorneys' Eyes Only Information - Access.**

Information designated as Confidential – Attorneys' Eyes Only, and any information or materials derived therefrom, shall only be disclosed to, made available to

or used by:

1. Counsel of record in this action and their employees, to whom disclosure of Confidential – Attorneys' Eyes Only Information is necessary for purposes of the litigation

2. In-house counsel for each party;

3. The Court and its personnel in any proceeding in this litigation;

4. The author or identified recipient of the Confidential – Attorneys' Eyes Only Information;

5. The officer taking, reporting or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript or video of the deposition;

6. Upon execution of an Acknowledgement in the form attached as Exhibit A, independent experts and consultants who have been retained by the parties in this action or their counsel of record;

7. Upon execution of an Acknowledgement in the form attached as Exhibit A, graphics, design, jury consultant or focus group services retained by the parties or counsel;

8. Upon execution of an Acknowledgement in the form attached as Exhibit A, any third-party mediator jointly selected by the parties or appointed by the Court; and

9. Upon execution of an Acknowledgement in the form attached as Exhibit A, any other person to whom the designating party agrees in writing.

Upon request and for good cause shown, copies of Exhibit A, as executed by persons receiving Confidential – Attorneys' Eyes Only Information, shall be made available for inspection by counsel of record in this action.

**C. Information Submitted to the Court.**

With respect to filing information that remains designated Confidential pursuant to this Order, prior to any such filing, the party intending to file the information designated as Confidential, in accordance with L. R. Civ. 5.6(b), will either (i) request that all parties enter a stipulation that the Confidential information will be filed under seal or (ii) file a motion with the Court requesting that the Confidential information be filed under seal. All such filings shall be in accordance with Section II.J of the Court's Electronic Case Filing Administrative Policies and Procedures Manual. The party filing the stipulation or motion will provide the court with a proposed order granting the motion and will lodge the Confidential information to be sealed with the Court in accordance with L. R. Civ. 5.6(c) and with Section II.J of the Court's Electronic Case Filing Administrative Policies and Procedures Manual. If oral argument is requested on any matter that requires disclosure of Confidential information, the party or parties intending to use such Confidential information shall notify the other parties, prior to the hearing, that they intend to use Confidential information at the hearing. The party introducing Confidential information at oral argument shall, in accordance with L. R. Civ. 5.6(b), either request that all parties stipulate to having the transcript of the hearing filed under seal or shall file a motion with the court requesting that the transcript be filed under seal. Any stipulation or motion requesting that a transcript be filed under seal shall be filed with the Court, in accordance with Section II.J of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, prior to the oral argument. However, nothing in this Order shall be construed as automatically permitting a party to file under seal. Before any party files any Confidential information under seal such party shall seek leave of Court and shall show "compelling reasons" (dispositive motion) or "good cause" (non-dispositive motion) for filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). Additionally, such party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if such party is waiting for a ruling from the Court on filing an unredacted, sealed version of

the same Confidential information. Further, no portion of the trial of the matter shall be conducted under seal.

**D. Subpoena for Protected Information.**

If any Confidential or Confidential – Attorneys' Eyes Only Information governed by this Order is subpoenaed or requested from a party who has received such Confidential or Confidential – Attorneys' Eyes Only Information, the subpoenaed party must immediately notify all parties of the request, and any party to this action may request to review the information before the subpoenaed party produces it. In such event, the subpoenaed party shall number the documents before production by Bates labeling or other similar method.

The reviewing party, within 7 days of receipt of documents from the subpoenaed party, may designate the production or parts of the production as Confidential or Confidential – Attorneys' Eyes Only. Thereafter, the reviewing party will return the marked documents to the subpoenaed party. The subpoenaed party will, within 7 days from receipt of the marked documents, produce the documents to the party that issued the subpoena along with an affirmation that all numbered documents have been produced, unless any party to this action objects to its production. If any party to this action objects to the production of any portion of the subpoenaed documents, the objecting party shall be entitled to move to quash the subpoena or take any other action or seek any other remedy as allowed under law.

**E. No Waiver.**

Nothing contained herein shall be deemed a waiver or relinquishment by the parties of any objection, including but not limited to, any objection concerning the confidentiality or proprietary nature of any documents, information, or data requested or produced in this action, any right to object to any discovery request, any right to pursue any appeal of or seek appropriate relief from any order relating to any discovery request, or any right to object to the production or admissibility of evidence on any ground in any proceeding

whatsoever, or to seek any further protective order, or to seek relief from the Court or any other applicable court or tribunal from any provision of this Order by application on notice on any grounds. For the avoidance of doubt, the parties expressly reserve their rights to object to the use of any discovery material in any future proceeding between the parties and to seek appropriate relief from any such tribunal with respect to any material produced in this action.

**IV. CONFIDENTIALITY OF A PARTY'S OWN DOCUMENTS.**

Nothing in this Protective Order shall affect the right of the producing or designating party to disclose to its own officers, directors, employees, consultants or experts, or to any other person, information or documents the party has designated as Confidential or Confidential – Attorneys' Eyes Only Information.

**V. TERMINATION OF LITIGATION.**

Within twenty (20) calendar days of the final resolution of this action, including any appeal, all persons subject to the terms of this Protective Order shall (1) destroy or assemble and return to the producing party all Confidential or Confidential – Attorneys' Eyes Only Information; and (ii) destroy any outlines, summaries, abstracts, compilations, memoranda or other documents, which constitute, embody, contain or disclose the contents of the Confidential or Confidential – Attorneys' Eyes Only Information; except that counsel of record in this action may retain one archival copy of pleadings and other Court filings, deposition transcripts, deposition exhibits, trial transcripts, trial exhibits, correspondence and legal research memoranda.

The terms of this Protective Order shall survive and remain in full force and effect after the final conclusion or resolution of this action. The Court shall retain jurisdiction over the parties, their counsel, and all persons to whom Confidential or Confidential – Attorneys' Eyes Only Information has been disclosed for the purpose of enforcing the terms of this Protective Order and/or redressing any violation thereof and may impose appropriate sanctions for violation of this Protective Order.

**VI. ADDITIONAL PROTECTION.**

Nothing in this Protective Order shall preclude any party from seeking and obtaining, on a sufficient showing, additional protection with respect to the confidentiality of documents or other discovery material. Likewise, nothing in this Protective Order shall preclude a party from seeking relief from this Protective Order with respect to particular documents or discovery material designated hereunder.

**VII. MODIFICATION.**

The terms of this Protective Order may be modified by (1) agreement of the parties or (2) order of this Court for good cause appearing, upon application by any party or upon the Court's own order.

Dated this 15th day of May, 2020.

Susan R. Bolton
United States District Judge

**EXHIBIT A**

**CERTIFICATION AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I hereby certify that I have read the Protective Order (the "Order") entered in the United States District Court – District of Arizona in the matter of *Martel Delly vs. Blackhawk Network Holdings, Inc., et al., Case No. 2:19-cv-05735-SRB.* I understand the terms thereof and agree, under threat of penalty of contempt, to be bound by such terms, and consent to the jurisdiction of the United States District Court – District of Arizona for all purposes relating to the enforcement of the Protective Order.

As soon as practical, but no later than twenty (20) days after final adjudication of this case, I shall return to counsel of record who provided me with such material designated as Confidential under the Order, including, but not limited to, my notes, summaries, or other written materials which I may have prepared based on the Confidential Information that was provided to me.

Dated: ______________________

______________________________
Signature

______________________________
Type or Print Name of Individual